UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH WAYNE BINGAMAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, EL DORADO COUNTY JAIL<br><br>Respondent. | No.  2:23-cv-01796-EFB (HC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  In addition, petitioner has filed a motion to proceed in forma pauperis (IFP).  ECF No. 5.  Examination of petitioner's IFP application demonstrates that he is unable to afford the costs of suit.  Therefore, the motion to proceed IFP is granted.  *See* 28 U.S.C. § 1915(a).

Petitioner, who appears to be a pretrial detainee, has properly brought this action pursuant to 28 U.S.C. § 2241.  District courts have jurisdiction under section 2241 to consider habeas petitions brought by pretrial detainees.  *See McNeely v. Blanas*, 336 F.3d 822, 824 & n.1 (9th Cir. 2001).

A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.   Here, petitioner has brought four claims, all related to his pretrial detention

1

without bail. ECF No. 1 at 6-7. Petitioner has not, however, presented these claims to any state court. *Id.*

As a matter of comity, a federal court will generally not grant habeas relief to a state prisoner who has not exhausted the available state judicial remedies. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Exhaustion requires presentation of a petitioner's claims to the state court, "even if that court's review is discretionary." *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

"It appears to be an open question in the Ninth Circuit whether a pretrial detainee who seeks § 2241 relief must first exhaust his state remedies." *Hawkins v. Kao,* 2022 WL 17541033, at *4 (C.D. Cal. Oct. 20, 2022) (citing *Deere v. Superior Court of Cal.*, 330 F. App'x 693, 694 (9th Cir. 2009)). "Nonetheless, even if exhaustion is not required as a 'jurisdictional prerequisite,' courts have, as a 'prudential matter,' required that 'habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241.'" *Id.* (quoting *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012)). Accordingly, courts in this district have generally held that requiring exhaustion of section 2241 claims is the most prudent option. *See, e.g., Toft v. D'Agostini*, 2022 WL 1433525, at *1-2 (E.D. Cal. April 8, 2022); *Sinclair v. Shaber*, 2023 WL 5280144, *2 (E.D. Cal. Aug. 16, 2023). The undersigned agrees.

Here, petitioner confirms he has not exhausted any state remedies, ECF No. 1 at 6-7, and he has not alleged that he is entitled to any possible exceptions to the exhaustion requirement. For these reasons, the section 2241 petition should be dismissed without prejudice.

Accordingly, it is hereby ORDERED that the motion to proceed in forma pauperis (ECF No. 5) be GRANTED; and the Clerk of Court assign a random District Judge to this action.

It is further RECOMMENDED that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE; and the Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 31, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE